IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVAN COLBERT FRAZIER, )<br>a.k.a. Ivan Colbert Frazier, Jr., )<br>ID # 889756, )<br>      Petitioner, )<br>vs. )<br> )<br>DOUGLAS DRETKE, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:03-CV-0864-D |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On January 27, 1975, petitioner was convicted of aggravated assault (Cause No. C74-6536-IL), aggravated rape (Cause Nos. C74-5472-PL & C74-5471-PL), and aggravated robbery (Cause No. C74-5470-PL), and was sentenced to thirty years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) His convictions were affirmed on appeal. (*Id.* ¶ 9.) In the late 1970's and early 1980's, he unsuccessfully pursued state applications for writ of habeas corpus.

(*Id.* ¶ 11; Mem. Supp. at 2-3.)  Although petitioner was apparently released from custody on the 1975 convictions, the record does not reflect the date of his release.

On October 7, 1998, petitioner was indicted in Ellis County, Texas, for misdemeanor theft. (*See* Attachment to Answer to Question 2 of MJQ.)  The indictment contained enhancement paragraphs alleging two misdemeanor January 2, 1996 convictions for theft, the four 1975 felony convictions, and a January 8, 1990 felony conviction for possession of a controlled substance.  (*Id.*) Petitioner was convicted of the theft charges on August 12, 1999, and sentenced to twenty years imprisonment.  (*See* Mem. Supp. at 1; Answers to Questions 2 and 3 of MJQ.)

On April 24, 2003, the Court received the instant federal petition for writ of habeas corpus in which petitioner challenges his four 1975 convictions.[1]  (*See* Pet. at 1; Answer to Question 1 of MJQ)  Petitioner claims that the challenged 1975 convictions, "though already served," are invalid, and that one of them "still imposes collateral consequences that adversely effect [sic]" him in that it used to enhance his current twenty-year sentence on the 1999 conviction.  (*See* Mem. Supp. at 1; Answers to Questions 1, 2, and 3 of MJQ.)  Petitioner claims that he was subject to double jeopardy with respect to Cause Nos. C74-5470-PL (aggravated robbery) and C74-5472-PL (aggravated rape) when, after a jury verdict of guilty, the charges were dismissed and he was retried for the same offenses.  (*Id.* at 7.)  He claims that his guilty plea upon retrial was unlawfully induced and involuntary.  (*Id.*)  He further claims that his attorney rendered ineffective assistance of counsel when he persuaded him to plead guilty and failed to summon witnesses on his behalf.  (*Id.* at 7-8.)

---

[1] In answer to a Magistrate Judge's Questionnaire (MJQ), petitioner clarifies that he indeed challenges all four listed 1975 convictions, although at times he appears to challenge only one of those convictions. (*See* Answer to Question 1 of MJQ.)

2

Lastly, he re-asserts all claims from his "original petition" filed in 1982 that resulted in an evidentiary hearing in Cause No. 3:81-CV-0257-R. (*Id.* at 8.)

On October 27, 2004, the Court received petitioner's "Friend of the Court Brief" wherein he seeks to clarify his claims. Petitioner has also filed a motion for appointment of counsel and a motion to join pending petitions.[2]

## II. JURISDICTION

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time the petitioner files his or her petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, respondent has custody of petitioner pursuant to a twenty year sentence resulting from a August 12, 1999 conviction for theft. (Mem. Supp. at 1, 9; Answer to Question 3 of MJQ); *Frazier v. Dretke*, No. 3:03-CV-1546-N (N.D. Tex. July 9, 2003) (petition challenging 1999 conviction). Petitioner does not challenge that 1999conviction in the instant action, however.

---

[2] Petitioner seeks appointment of counsel due to the complexity of this case. (*See* Mot. for Appointment.) By the motion to join pending litigation, petitioner seeks to join or consolidate the instant action with another habeas action filed by petitioner in *Frazier v. Dretke*, No. 3:03-CV-1546-N (N.D. Tex.). (*See* Mot. to Join Pending Litigation.) In view of the ultimate disposition of this action, the Court denies both motions.

Rather, he instead challenges his 1975 convictions which were used to enhance his 1999 sentence. (*See* Pet. at 2; Answers to Questions 1 and 2 of MJQ.) The sentences for those 1975 convictions have fully expired. (See Answer to Question 2 of MJQ.) Having fully served his sentences for the convictions challenged in this action, petitioner is no longer "in custody" such that he can challenge those convictions.

The Court could reasonably construe petitioner's challenge to his 1975 convictions as a challenge to the 1999 conviction for which he is still incarcerated. In *Maleng*, a petitioner purported to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction. *See* 490 U.S. 488, 489-90 (1989). Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction. *See id.* at 493-94. Construction of the petition in this case as a challenge to petitioner's 1999 conviction is not warranted in this case, however. Petitioner currently has a separate federal petition pending in this Court which directly challenges his 1999 conviction. *See Frazier v. Dretke*, No. 3:03-CV-1546-N (N.D. Tex.). Claims pertaining to the 1975 convictions that were used to enhance the sentence on the 1999 conviction appear more appropriately addressed in that action. Furthermore, the instant action includes claims against convictions which were not used to enhance petitioner's 1999 sentence. In addition, construction of the instant action as one against the 1999 conviction could arguably transform the petition in Cause No. 3:03-CV-1546-N into a successive petition. The Court thus declines to construe the instant action as challenging the 1999 conviction.

Because petitioner is not in custody on the challenged 1975 convictions, the Court lacks jurisdiction over the instant federal petition.[3]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 4th day of April, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Were the Court inclined to construe the instant action as an attack against the 1999 conviction, petitioner must overcome the one-year statute of limitations contained in 28 U.S.C. § 2244. As shown by contemporaneous findings issued in Cause No. 3:03-CV-1546-N, the challenge to the 1999 conviction is untimely and must be dismissed under § 2244(d).

5